## No. 3764.

### DANIEL S. VINSON *v*. SUCCESSION OF JACKSON B. TOMPKINS.

Where, on the admission of the tutrix of a minor child, judgment was rendered declaring the sale of a certain piece of property to the minor's father, now deceased, to be simulated, and reconveying the title to the plaintiff, and condemning him to refund whatever taxes the widow paid, and to pay costs, reserving the rights of the minor, whatever they may be;

Held—That, although it is true the tutrix could make no admission which could bind the minor, yet that, as the law allows such suits and the proof of simulation by a *particular kind* of evidence, which, it seems, might have been, but was not adduced by plaintiff, he should be allowed an opportunity to furnish it, and not to rest under a cloud upon his title, which, it is probable from the facts in the record, could be removed, wherefore the portion of the judgment which "reserves the rights of the minor, whatever they may be," is reversed, and the case remanded for the purpose of allowing the plaintiff to introduce *legal* evidence as against said minor's rights, if any there be, to the property in question.

APPEAL from the thirteenth Judicial District Court, parish of Carroll. *Hough*, J. *M. Du Bose*, for plaintiff and appellant. *Ed. F. Newman*, for defendant and appellee.

HOWELL, J. The plaintiff alleges that having become embarrassed in his pecuniary affairs, and having had, for his own safety, to foreclose several mortgages held by him, among others one against A. M. Waddill, he caused the land of said Waddill, when sold by the sheriff, to be bid off by, and the title thereto, to put in the name of his nephew, Jackson B. Tompkins, with the understanding that so soon as the petitioner became unembarrassed, the said land should be reconveyed to him by the said Tompkins, who had no means and was merely interposed for the protection of the plaintiff. But before this was accomplished Tompkins died, and he now sues the widow and tutrix to have said title conveyed to him. The widow and tutrix answers that of her own knowledge she knows nothing of the alleged facts, except that her husband never had the amount of money for which the said land was bid off by him, and that he would have rendered any reasonable service to his uncle, the plaintiff, to help him through his temporary embarrassment, and so she admits the facts and offers no objections to the court rendering the judgment prayed for, but asked that plaintiff be ordered to refund the taxes paid by her.

Judgment was rendered declaring the sale to Tompkins to be simu-

lated and reconveying the title to plaintiff, and condemning him to refund whatever taxes the widow paid and to pay costs, reserving the rights of the minor, whatever they may be. The plaintiff appealed from that part of the judgment which reserved the rights of the minor.

It is true the tutrix could make no admission which could bind the minor, but as the law allows such suits, and the proof of simulation by a particular kind of evidence, which it seems may be, but was not adduced by the plaintiff, we have concluded to allow him an opportunity to furnish it, and not to force him to rest under a cloud upon his title, which it is probable from the facts in the record should be removed.

It is therefore ordered that the portion of the judgment herein which "reserves the rights of the minor Susie May, whatever they may be," be reversed, and this cause remanded to the lower court for the purpose of allowing the plaintiff to introduce legal evidence as against the said minor's rights, if any she have, to the property in question. Costs of appeal to be paid by the tutrix.

## ON REHEARING.

HOWELL, J. Upon a re-examination of this case we see no reason for changing our views.

It is therefore ordered that the decree heretofore rendered by us remain undisturbed.